UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LINDSAY BILLINGSLEY and
MICHAEL BILLINGSLEY,
     Plaintiffs,

-vs.-                               **DEMAND FOR JURY TRIAL**

LONE PINE ACQUISITIONS, LLC,
a Michigan company, and
FISHMAN GROUP, P.C.,
a Michigan corporation,
     Defendants
_____/
GARY D. NITZKIN P41155
TRAVIS SHACKELFORD P68710
CREDIT REPAIR LAWYERS OF AMERICA
Attorneys for Plaintiff
22142 West Nine Mile Road
Southfield, MI 48033
(248) 353-2882
Fax (248) 353-4840
Email – gary@crlam.com
_____/


**COMPLAINT & JURY DEMAND**

     Plaintiffs, Lindsay and Michael Billingsley, through counsel, Credit Repair

Lawyers of America, by Gary Nitzkin state the following claims for relief:

1. This is an action for damages, brought against a debt collector for violating

    the Fair Debt Collection Practices Act at 15 U.S.C. § 1692 et seq.

    ("FDCPA"), Michigan Collection Practices Act at M.C.L. § 445.251 et seq.

("MCPA") and the Michigan Occupational Code at M.C.L. § 339.901 et seq. ("MOC").

## PARTIES

2.  Plaintiffs are natural persons residing in City of Sterling Heights, Macomb County, Michigan.  Mr. and Mrs, Billingsley are "consumers" and "persons'' as the terms are defined and used in the FDCPA.  Plaintiffs are also "consumers," "debtors" and "persons" as the terms are defined and or used in the MCPA and MOC.

3.  The Defendants to this lawsuit are:

    a.  Lone Pine Acquisitions, LLC ("Lone Pine Acquisitions") which is a Michigan company that maintains a registered agent in Oakland County, Michigan; and

    b.  Fishman Group, P.C. ("Fishman Group") which is a Michigan corporation that maintains registered offices in Oakland County, Michigan.

## VENUE

4.  The transactions and occurrences which give rise to this action occurred in the City of Sterling Heights, Macomb County, Michigan.

5.  Venue is proper in the 41A District Court in Macomb County, Michigan as the actions and occurrences recited herein occurred in the City of Sterling Heights, Macomb County, Michigan.

### GENERAL ALLEGATIONS

6.  Defendants are attempting to collect a consumer type debt allegedly owed by Plaintiff, Lindsay Billingsley, to Park Place Apartments, in the amount of approximately $5,282.50 (the "Debt"). The alleged Debt is regarding an old debt for an apartment in which Mrs. Billingsley previously resided. However, she only resided there for less than a month.

7.  In May 2010, Mrs. Billingsley called Park Place Apartments and told a representative that her now ex-boyfriend whom she previously resided with, was abusive and that she wanted to leave. The representative informed her that she could leave and get off the lease.

8.  The last time that anyone ever made any payment on the alleged Debt was in September 2010 and it was made by her now ex-boyfriend, Eric Koppman.

9.  On or about November 1, 2016, Defendant filed a lawsuit against Mrs. Billingsley over the collection of the alleged Debt. This is a violation as the 6 year Statute of Limitations had expired.

10. The Summons and Complaint were delivered to Mrs. Billingsley's old address where her parents reside. It also had her maiden name on the Summons, which is Lindsay Orkay.

11. Mrs. Billingsley's parents opened the Summons and Complaint and gave it to her.

12. On or about January 23, 2017, Mr. Billingsley called Defendant Fishman to inquire about why his wife was served with a lawsuit over an unenforceable debt. During the conversation, Mr. Billingsley spoke with a representative who would not identify himself. He was rude to Mr. Billingsley and after he asked to speak with a supervisor, the representative hung up on him. Mr. Billingsley called Defendant Fishman back quite a few times and each time, Defendant Fishman's representative picked up the phone and hung it up right away. That same day, Mr. Billingsley received a phone call from the Madison Heights police department regarding the alleged harassment due to Mr. Billingsley calling Defendant Fishman repeatedly.

13. On or about February 2, 2017, Mrs. Billingsley called Defendant Fishman and spoke with a representative named Ryan. She was informed that it did not have any documentation regarding the alleged Debt other than what was sent to her via email. He also informed her that Eric, her ex-boyfriend, was evicted from the property.

14. On or about February 6, 2017, Mrs. Billingsley called Defendant Fishman again to find out when the date of last payment was and when the eviction process was filed. She spoke with a representative who would not identify himself. He told her the date of last payment was in September 2010. He also told her that her ex-boyfriend had filed for bankruptcy and that they were going after her now. During this conversation, Defendant Fishman's representative told Mrs. Billingsley that he was so happy that he knew who she was now and that he was going to use what had happened between him and her husband in court against her and call the Madison Height's Police Department on her. He told her that he had filed a police reports against her husband. He also told her that the eviction occurred in December 2010.

15. Shortly thereafter, Mrs. Billingsley called the Madison Heights Police Department who reassured her that if Defendant Fishman's representative called in, they would just advise him that he was a grown adult, his life was not threatened and to leave her alone. The Madison Heights Police Department also informed her that no such police report was ever filed against her husband as a life was not threatened.

16. On or about February 7, 2017, Mrs. Billingsley emailed Defendant Fishman's, representative, Ryan, and informed him about the way her and her husband had been treated by the other representative.

17. In response, on or about February 7, 2017, Defendant Fishman's representative responded to Mrs. Billingsley's email and stated that a police report was filed with the Bloomfield Township Department and not Madison Heights. In this email, Defendant informed Mrs. Billingsley that there was an eviction in December 2010. He also indicated that the Statute of Limitations would not run until May 31, 2017 and he stated, "and now that you are aware, any Motion to Dismiss predicated on the statute of limitations will be met with a request for sanctions by way of costs and attorney fees."

18. Mr. and Mrs. Billingsley have suffered damages, as a result of Defendant's actions.

## COUNT I – VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT BY LONE PINE ACQUISITIONS

19. Plaintiff reincorporates the preceding allegations by reference.

20. At all relevant times Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

21. Plaintiff is a "consumer" for purposes of the FDCPA and the account at issue in this case is a consumer debt.

22. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692a(6).

23. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the FDCPA:

    a. 15 U.S.C. § 1692e(2)(A) by misrepresenting the character, amount or legal status of any debt. Defendant misrepresented the Debt when it filed a lawsuit against Mrs. Billingsley as the Debt has been expired by the Statute of Limitations;

    b. 15 U.S.C. § 1692e(10) by using false representations or deceptive means to collect or attempt to collect any debt when it filed a lawsuit against Mrs. Billingsley for a Debt which has been expired by the Statute of Limitations; and

    c. 15 U.S.C. § 1692f(1) by collecting any amount not permitted by law as the debt is out of statute.

24. Mrs. Billingsley has suffered economic, emotional, general and statutory damages as a result of these violations of the FDCPA.

## COUNT II - VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE BY LONE PINE ACQUISTIONS

25. Plaintiff incorporates the preceding allegations by reference.

26. Defendant is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

7

27. Mrs. Billingsley is a debtor as that term is defined in M.C.L. § 339.901(f).

28. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the MOC:

   a. M.C.L. § 339.915(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt. Defendant misrepresented the Debt when it filed a lawsuit against Mrs. Billingsley as the Debt has been expired by the Statute of Limitations;

   b. M.C.L. § 339.915(f) by misrepresenting the legal rights of the creditor or debtor. Defendant misrepresented the Debt when it filed a lawsuit against Mrs. Billingsley as the Debt has been expired by the Statute of Limitations;

   c. M.C.L. § 339.915(q) by failing to implement a procedure designed to prevent a violation by an employee.

29. Mrs. Billingsley has suffered damages as a result of these violations of the Michigan Occupational Code.

30. These violations of the Michigan Occupational Code were willful.


**COUNT III - VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT BY LONE PINE ACQUISTIONS**


31. Plaintiff incorporates the preceding allegations by reference.

32. Defendant is a "Regulated Person" as that term is defined in the Michigan Collection Practices Act ("MCPA"), at M.C.L. § 445.251.

33. Plaintiff is a "Consumer" as that term is defined at M.C.L. § 445.251.

34. Defendant's foregoing acts in attempting to collect this debt violated the following provisions of the MCPA:

    a. M.C.L. § 445.252(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt. Defendant misrepresented the Debt when it filed a lawsuit against Mrs. Billingsley as the Debt has been expired by the Statute of Limitations;

    b. M.C.L. § 445.252(f) by misrepresenting the legal rights of the creditor or debtor. Defendant misrepresented the Debt when it filed a lawsuit against Mrs. Billingsley as the Debt has been expired by the Statute of Limitations

    c. M.C.L. § 445.252(q) by failing to implement a procedure designed to prevent a violation by an employee.

35. Mrs. Billingsley has suffered damages as a result of these violations of the MCPA.

36. These violations of the MCPA were willful.

## COUNT IV – VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT BY FISHMAN GROUP

37. Plaintiffs reincorporate the preceding allegations by reference.

38. At all relevant times Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

39. Plaintiffs are "consumers" for purposes of the FDCPA and the account at issue in this case is a consumer debt.

40. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692a(6).

41. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the FDCPA:

   a. 15 U.S.C. § 1692d engaging in any conduct the natural consequent of which is to harass, oppress, or abuse any person in connection with the collection of any debt. Defendant had the Madison Heights police department contact Mr. Billingsley for alleged harassment. Further, Defendant told Mrs. Billingsley that it would use what happened between him and her husband in court and call the Madison Heights Police Department on her. In addition, the representative told Mrs. Billingsley that that he filed a police report against Mr. Billingsley.

Finally, Defendant told Mrs. Billingsley that it filed a police report against her husband with the Bloomfield Township Police Department for alleged harassment;

b.  15 U.S.C. § 1692d(2) by the use of any language the natural consequence which is to abuse the hearer. Defendant had the Madison Heights police department contact Mr. Billingsley for alleged harassment. Further, Defendant told Mrs. Billingsley that it would use what happened between him and her husband in court and call the Madison Heights Police Department on her. In addition, the representative told Mrs. Billingsley that that he filed a police report against Mr. Billingsley. Finally, Defendant told Mrs. Billingsley that it filed a police report against her husband with the Bloomfield Township Police Department for alleged harassment;

c.  15 U.S.C. § 1692e(2)(A) by misrepresenting the character, amount or legal status of any debt. Defendant misrepresented the Debt when it filed a lawsuit against Mrs. Billingsley for a Debt which has been expired by the Statute of Limitations. Further, Defendant misrepresented to Mrs. Billingsley that the Statue of Limitations had not expired and that it would file a motion for sanctions against her if

11

she filed a motion to dismiss on the grounds that the Statue of
Limitations had expired;

d.  15 U.S.C. § 1692e(5) by the threat to take any action that cannot
legally be taken or that is not intended to be taken. Fishman's
representative said it would use what happened between him and her
husband in court against her and call the Madison Heights Police
Department on her;

e.  15 U.S.C. § 1692e(7) by the false representation or implication that
the consumer committed any crime or other conduct in order to
disgrace the consumer. Defendant had the Madison Heights police
department contact Mr. Billingsley for alleged harassment. Further,
Defendant told Mrs. Billingsley that it would use what happened
between him and her husband in court and call the Madison Heights
Police Department on her. In addition, the representative told Mrs.
Billingsley that that he filed a police report against Mr. Billingsley;

f.  15 U.S.C. § 1692e(10) by using false representations or deceptive
means to collect or attempt to collect any debt when it filed a lawsuit
against Mrs. Billingsley for a Debt which has been expired by the
Statute of Limitations. Further, Defendant told Mrs. Billingsley that it
would use what happened between him and her husband in court and

call the Madison Heights Police Department on her. In addition, the

representative told Mrs. Billingsley that that he filed a police report

against Mr. Billingsley for alleged harassment; and

g.  15 U.S.C. § 1692f(1) by collecting any amount not permitted by law

as the debt is out of statute.

42. Mr. and Mrs. Billingsley have suffered economic, emotional, general and

statutory damages as a result of these violations of the FDCPA.

## COUNT V - VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE
## BY FISHMAN GROUP

43. Plaintiffs incorporate the preceding allegations by reference.

44. Defendant is a "collection agency" as that term is defined in the Michigan

Occupational Code ("MOC"), M.C.L. § 339.901(b).

45. Mr. and Mrs. Billingsley is a debtor as that term is defined in M.C.L. §

339.901(f).

46. Defendant's foregoing acts in attempting to collect this alleged debt violated

the following provisions of the MOC:

a.  M.C.L. § 339.915(e) by making an inaccurate, misleading, untrue, or

deceptive statement or claim in a communication to collect a debt.

Defendant told Mrs. Billingsley that it would use what happened

between him and her husband in court and call the Madison Heights

13

Police Department on her. Further, Defendant mislead Mrs. Billingsley by telling her that the Statue of Limitations had not expired and that it would file a motion for sanctions against her if she filed a motion to dismiss on the grounds that the Statue of Limitations had expired;

    b. M.C.L. § 339.915(n) by using a harassing, oppressive, or abusive method to collect a debt. Defendant had the Madison Heights police department contact Mr. Billingsley for alleged harassment. Further, Defendant told Mrs. Billingsley that it would use what happened between him and her husband in court and call the Madison Heights Police Department on her. In addition, the representative told Mrs. Billingsley that that he filed a police report against Mr. Billingsley. Mrs. Billingsley was later notified by Defendant that it filed a police report against Mr. Billingsley with the Bloomfield Township Police Department for alleged harassment; and

    c. M.C.L. § 339.915(q) by failing to implement a procedure designed to prevent a violation by an employee.

47. Mr. and Mrs. Billingsley have suffered damages as a result of these violations of the Michigan Occupational Code.

48. These violations of the Michigan Occupational Code were willful.

## COUNT VI - VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT BY FISHMAN GROUP

49. Plaintiffs incorporate the preceding allegations by reference.

50. Defendant is a "Regulated Person" as that term is defined in the Michigan Collection Practices Act ("MCPA"), at M.C.L. § 445.251.

51. Plaintiffs are "Consumers" as that term is defined at M.C.L. § 445.251.

52. Defendant's foregoing acts in attempting to collect this debt violated the following provisions of the MCPA:

   a. M.C.L. § 445.252(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt. Defendant told Mrs. Billingsley that it would use what happened between him and her husband in court and call the Madison Heights Police Department on her. Further, Defendant mislead Mrs. Billingsley by telling her that the Statue of Limitations had not expired and that it would file a motion for sanctions against her if she filed a motion to dismiss on the grounds that the Statue of Limitations had expired;

   b. M.C.L. § 445.252(n) by using a harassing, oppressive, or abusive method to collect a debt. Defendant had the Madison Heights police department contact Mr. Billingsley for alleged harassment. Further,

15

Defendant told Mrs. Billingsley that it would use what happened between him and her husband in court and call the Madison Heights Police Department on her. In addition, the representative told Mrs. Billingsley that that he filed a police report against Mr. Billingsley. Mrs. Billingsley was later notified by Defendant that it filed a police report against Mr. Billingsley with the Bloomfield Township Police Department for alleged harassment; and

   c. M.C.L. § 445.252(q) by failing to implement a procedure designed to prevent a violation by an employee.

53. Mr. and Mrs. Billingsley have suffered damages as a result of these violations of the MCPA.

54. These violations of the MCPA were willful.

## DEMAND FOR JUDGMENT FOR RELIEF

Accordingly, Plaintiff requests that the Court grant her the following relief against Defendants:

   a. Actual damages.

   b. Statutory damages.

   c. Treble damages.

16

   d.  Statutory costs and attorney fees.

**DEMAND FOR JURY TRIAL**

Plaintiffs demand trial by jury in this action.

Respectfully submitted,

/s/ Gary D. Nitzkin

February 20, 2017        GARY D. NITZKIN P41155
TRAVIS SHACKELFORD P68710
CREDIT REPAIR LAWYERS OF AMERICA
Attorneys for Plaintiff
22142 West Nine Mile Road
Southfield, MI 48033
(248) 353-2882
Fax (248) 353-4840
Email – gary@crlam.com